IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA GISH, | : | 1:13-cv-1929 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| ERIC HOLDER, United States Department of Justice; ANNE K. FIORENZA, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **July 7, 2014**

Pending before the Court in the above-captioned action is the Defendants' Motion to Dismiss (Doc. 19) pursuant to Federal Rules of Civil Procedure 12(b)(5), 4(i), and 4(m) for insufficient service of process. The Motion has been fully briefed by the parties (Docs. 20, 21, 24) and is thus ripe for our review. For the reasons that follow, the Court will grant the Defendants' Motion, and this matter shall be dismissed.

**I.   BACKGROUND**

On July 15, 2013, Plaintiff, Brenda Gish, filed a complaint in this Court, asserting a claim for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 42 U.S.C. §§ 621-34, against her employer, the

United States Department of Justice (Doc. 1, ¶ 1-2). Plaintiff is an employee of the United States Trustee's Office. *Id.* Named as Defendants in the case are: (1) Eric, Holder, the Attorney General of the United States, Department of Justice; and (2) Anne K. Fiorenza, an Assistant United States Trustee, and Plaintiff's immediate supervisor. *Id*. at ¶ 4-5.

This Court scheduled a case management conference to be held September 30, 2013. (Doc. 3). On September 26, 2013, Plaintiff filed a motion to continue the case management conference. (Doc. 5). This motion was granted, and the case management conference was rescheduled to October 30, 2013. (Doc. 6).

Thereafter, on October 16, 2013, Plaintiff filed a second motion to continue the case management conference. (Doc. 7). This motion was granted, and the case management conference was rescheduled to December 30, 2013. (Doc. 8).

Once again, on December 23, 2013, Plaintiff filed a third motion to continue the case management conference. (Doc. 10). This motion was granted, and the case management conference was rescheduled to February 28, 2014. (Doc. 11).

On February 24, 2014, Plaintiff filed a fourth motion to continue the case management conference. (Doc. 13). At this point, we reviewed the docket and found that Plaintiff had never served the complaint or summons upon the Defendants. (Doc. 14). Accordingly, on February 25, 2014, we ordered, pursuant to Fed. R. Civ. P. 4(m), that Plaintiff serve the Defendants within 30 days of the

Order, and noted that failure to do so would result in the complaint being dismissed with prejudice. *Id.* Plaintiff was further advised that no further continuances of the case management conference would be granted. *Id.*

On March 27, 2014, an executed summons was filed by the Plaintiff. (Doc. 16). One summons was for Anne K. Fiorenza, delivered to 228 Walnut Street, Suite 1190, Harrisburg, PA 17101. *Id.* The second summons was addressed to Dept. Of Justice, 228 Walnut Street, Suite 1190, Harrisburg, PA 17101, and was delivered to Ms. Fiorenza. *Id.*

On April 24, 2014, Defendants filed a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4(i) and (m). (Doc. 19).

## II.   DISCUSSION[1]

Federal Rule of Civil Procedure 12(b)(5) permits dismissal of a complaint when a plaintiff fails to comply with the service requirements of Federal Rule of Civil Procedure 4. *See Rice v. Sniezek*, 1:10-cv-2636, 2012 WL 3643191 at * 2 (M.D. Pa. Aug. 23, 2012). Remaining Defendant, Eric Holder, moves the Court to dismiss the Complaint under both Fed. R. Civ. P. 4(i) and 4(m). We shall address the merits of each argument in turn.

---

[1] Both parties agree that Defendant, Anne K. Fiorenza, is not a proper party to the lawsuit and must be dismissed from the case. Accordingly, we shall confine our discussion to whether Defendant, Eric Holder, was properly served.

> **A.    Serving the United States and its agencies, corporations, officers and employees under Rule 4(i).**

There are two components to serving the United States under Rule 4(i)(1). First, the plaintiff must serve a copy of the summons and complaint upon the United States Attorney for the district where the action is brought. *See* Fed. R. Civ. P. 4(i)(1)(A). This can be accomplished by delivering the summons and complaint directly to the United States Attorney, to a properly designated employee of the United States Attorney, or via registered or certified mail to the civil-process clerk at the United States Attorney's office. *See id.* Additionally, the plaintiff is required to serve a copy of the complaint and summons to the Attorney General of the United States in Washington D.C. by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B). If the plaintiff is also suing an individual officer or employee of the United States, either individually or in their official capacity, the plaintiff must serve the United States and the individual officer or employee under Rule 4(e), (f), or (g). *See* Fed. R. Civ. P. 4(i)(3).

Here, Plaintiff did not meet the service requirements of Rule 4(i)(1). While Plaintiff contends that she sufficiently served the United States Attorneys Office and the Attorney General of the United States under Rule 4(i)(1) when she served Ms. Fiorenza, such service plainly does not constitute sufficient service under Rule 4(i)(1). To be clear, Ms. Fiorenza is not the United States Attorney for the Middle

District of Pennsylvania, nor is she a properly designated employee to receive service on behalf of the United States Attorney for the Middle District of Pennsylvania. Furthermore, no copy of the complaint and summons was sent by certified or registered mail to the Attorney General in Washington D.C.

Plaintiff next relies on Rule 4(i)(4) in an effort to gain more time to accomplish sufficient service. Rule 4(i)(4) requires reasonable time be given to cure any defects in service of the United States or its officials, but this Court has already given Plaintiff ample time to cure any such defects in service. Plaintiff's complaint was filed July 15, 2013. Service should have occurred within 120 days of that date, i.e. by November 13, 2013. Upon the filing of the *fourth* motion for continuance of the initial case management conference on February 24, 2014, this Court reviewed the docket and became aware that service had not yet been attempted, let alone occurred, and ordered Plaintiff to properly serve Defendants by March 27, 2014. This Court has given Plaintiff over eight months to serve Defendants, yet any service attempt in that time was insufficient to satisfy the relatively simple requirements of Rule 4.

### B. Time limit for service under Rule 4(m).

Rule 4(m) requires that the defendant be served within 120 days of the filing of the complaint, and if not done, the court – on motion or on its own after notice to the plaintiff – must dismiss the action against the defendant without prejudice, or

order that service be made within a specified time. See Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id*. We have already given Plaintiff a generous extension of time to serve the Defendants, and she has not done so. Further, at no point in the proceedings has Plaintiff sought an extension of the service period pursuant to Rule 4(m), nor shown good cause for such delays in accomplishing sufficient service. Accordingly, dismissal is warranted under Rule 4(m).

## III.   CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss for insufficient service of process will be granted in its entirety. An appropriate Order shall issue.